UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:                                                              Case No. 24-11602-EPK

JONATHAN CHADWICK INGRAM,                  Chapter 11

    Debtor.
_____/

**DEBTOR'S MOTION FOR ORDER ALLOWING THE DEBTOR TO ENTER INTO INSUR ANCE FINANCE AGREEMENT AND PAY INSURANCE PREMIUM INSTALLMENTS ON THE DEBTOR'S INSURANCE POLICY**

Debtor-in-Possession, Jonathan Chadwick Ingram (the "Debtor"), by counsels, pursuant to 11 U.S.C §§ 105(a) and 364, requests the Court enter an order authorizing the Debtor to enter into an insurance finance agreement and to pay insurance premium installments on the Debtor's insurance policy, and states:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested is 11 U.S.C. §§ 105 and 364.

**Procedural and Factual Background**

3. On February 20, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

5. The Debtor owns a 1978 Cessna Citation plane (the "Plane"), which is currently

being financed through Nathan Capital, LLLP.

6. The Operating Guidelines and Reporting Requirements for Debtors in Possession and Chapter 11 Trustees (the "Operating Guidelines") of the Office of the U.S. Trustee provide that a debtor must provide the Office of the U.S. Trustee with proof of insurance coverage, including without limitation, property insurance and general comprehensive liability insurance.

7. The Debtor currently has an insurance policy on the Plane through Hope Aviation Insurance Inc., which is financed with IPFS Corporation to pay the premium payments. The Debtor requires the approval of entering into the insurance finance agreement and payment of the premium amount, as set forth below, in order to ensure insurance coverage on the Plane.

8. It is necessary for the Debtor to continue the insurance policy at the current time.

## The Insurance Finance Agreement

9. The Account Status Detail of IPFS Corporation is attached hereto as Exhibit "A". Pursuant to the Account Status Detail, IPFS Corporation will provide financing to the Debtor for the purchase of an insurance policy on the Plane. The total premium on the insurance policy is $8,914.26, and the required down payment is $748.80, leaving a total amount financed of $8,165.46.

10. The financing terms include a down payment in the amount of $748.80 and eleven (11) installment payments in the amount of $805.44. The Debtor's mother Jacqueline Ingram has paid the down payment in the amount of $748.80. There are eleven (11) remaining installment payments in the amount of 805.44, which are due on or before the 10th of each month for the next eleven (11) consecutive months, beginning April 10, 2024.

## Relief Requested

11. The Debtor has determined that it is in the best interest of this bankruptcy estate to

enter into the insurance policy. Without proper insurance, the Debtor's asset – the Plane – would be at risk, and the Debtor believes that the insurance finance agreement is a commercially fair and reasonable means to ensure insurance coverage.

12. The Debtor respectfully requests that this Court enter an order, pursuant to 11 U.S.C. §§ 105(a) and 364, authorizing the Debtor to enter into the insurance finance agreement and to pay the insurance premium installments on the Debtor's insurance policy to IPFS Corporation in the amount of $805.44, which are due on or before the 10th of each month for the next eleven (11) consecutive months, beginning April 10, 2024.

**Basis for Relief Requested**

13. This Court may authorize the Debtor to enter into the insurance finance agreement under 11 U.S.C. § 105(a), which grants broad authority to a court to enforce the provisions of the Bankruptcy Code under equitable, common-law doctrines. Moreover, if a debtor is unable to obtain unsecured credit allowable as an administrative expense under 11 U.S.C. § 503(b)(1), then the Court, pursuant to 11 U.S.C. § 364(c), and after notice and hearing, may authorize the debtor to obtain credit or incur debt: (a) with priority over any or all administrative expenses of the kind specified in 11 U.S.C. §§ 503(b) or 507(b); (b) secured by a lien on property for the estate that is not otherwise subject to a lien; or (c) secured by a junior lien on property of the estate that is subject to a lien.

14. The foregoing provisions authorize the Court to grant the relief requested in this Motion.

    A.    **Approval of the Premium Finance Agreement is Necessary**

15. The insurance finance agreement is essential to the Debtor's operations. Without the insurance finance agreement, the Debtor's asset – the Plane, would be at risk.

16. In these circumstances, "[t]he statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable." Bray v. Shenandoah Federal Savings and Loan Ass'n (In re Snowshoe Co., Inc.), 789 F.2d 1085, 1088 (4th Cir. 1986). Where there are few lenders likely to be able or willing to extend the necessary credit to the Debtor, "it would be unrealistic and unnecessary to require [the trustee] to conduct an exhaustive search for financing." In re Sky Valley, Inc., 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988).

17. After appropriate investigation and analysis, the Debtor has reasonably concluded that IPFS Corporation's proposal was the best alternative available. Accordingly, the Debtor has concluded in its best business judgment that the insurance finance agreement is the most favorable for the estate.

B. **The insurance finance agreement is Fair, Reasonable and Appropriate**

18. The proposed terms of the insurance finance agreement are fair, reasonable and adequate in that these terms do not substantially affect the proceedings nor prejudice the powers and rights that the Bankruptcy Code confers for the benefit of all creditors. The purpose of the insurance finance agreement is to enable the Debtor to maintain and ensure proper insurance coverage on the plane during this Chapter 11 case by allowing the Debtor to obtain the necessary financing for such insurance.

C. **Application of the Business Judgment Standard**

19. As set forth above, after appropriate investigation and analysis, the Debtor has concluded that the insurance finance agreement is in the best interests of the estate. Bankruptcy courts routinely defer to the Debtor's business judgment on most business decisions, including the decision to borrow money. See In re Simasko Prod. Co., 47 B.R. 444, 449 (D. Colo. 1985) (stating that "[b]usiness judgments should be left to the board room and not to this Court") (citing In re

Lifeguard Indus., Inc., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983)).  "[A] court may not interfere with a reasonable business decision made in good faith by a trustee."  In re Airlift Int'l, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982).

20.     For all of the above reasons, good cause exists in authorizing the Debtor to enter into an insurance finance agreement and to pay insurance premium installment on the Debtor's insurance policy.

WHEREFORE, the Debtor respectfully requests an order allowing the Debtor to enter into an insurance finance agreement and to pay the insurance premium installments on the Debtor's insurance policy to IPFS Corporation in the amount of $805.44, which are due on or before the 10th of each month for the next eleven (11) consecutive months, beginning April 10, 2024, and for such other and further relief as the Court deems just and proper.

Dated:  April 2, 2024

LSS LAW
Bankruptcy Counsel for the Debtor
2 S Biscayne Blvd., Suite 2200
Miami, FL 33131
Telephone (305) 894-6163
Facsimile (305) 503-9447

By:_____/s/_____
   CHRISTIAN SOMODEVILLA
   Florida Bar No. 59539
   cs@lss.law

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on April 2, 2024 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
   Christian Somodevilla



# IPFS CORPORATION

**Account Status Detail**

400 NORTHRIDGE ROAD SUITE 450
ATLANTA, GA 30350
PHONE: ████9969 FAX: ████2866

## Producer

**HOPE AVIATION INSURANCE INC**
2901 MILLWOOD AVENUE -
COLUMBIA, SC 29250
████7766

## Client

**JONATHAN INGRAM**
2560 NW 70TH BOULEVARD
BOCA RATON, FL 33496
████5469

## Account #GAA-D48999-1

**Premium:** $8,914.26  **Balance:** $8,859.84  **Payments:** 0/11  **Status:** CURRENT
**Down Amount:** $748.80  **Principal:** $8,194.16  **Due Date:** 4/10/2024  **Payoff On** 03/30/2024 of $8,286.29
**Amount Financed:** $8,165.46  **Interest:** $0.00  **Due Amount:** $805.44
**APR:** 15.9000%  **Credit:** $0.00  **Maturity:** 2/10/2025
  **Fees:** $0.00

## Transaction History

| Posted | Amount | Source | Type | Due Date |
|---|---|---|---|---|
| 3/14/2024 | -$748.80 | Agent | Down Payment | 03/14/2024 |
| 3/14/2024 | $748.80 | Internal | Down Payment | 03/14/2024 |
| 3/13/2024 | -$748.80 | Internal | Down Payment | 03/13/2024 |

## Policy

| Policy Number | Effective Date | Premium | Fee | Tax | Coverage | Company GA | Policy Term |
|---|---|---|---|---|---|---|---|
| PENDING | 3/10/2024 | $8,826.00 | $0.00 | $88.26 | AIRCRAFT | TOKIO MARINE GRV RE INC/ U S SPECIALTY INS CO AVIAT DIV | 12 |

## Funds

| Paid To | Funds Method | Paid Date | Check/Draft Number |
|---|---|---|---|
| AGENT | ACH FUNDINGS | | |
| AGENT | ACH FUNDINGS | | |

## Mailings

Exhibit A

| Sent To | Mailing | Sent Date |
|---|---|---|
| Agent | NOTICE OF ACCEPTANCE AND ASSIGNMENT | 3/13/2024 |
| Insured | COUPONS | 3/13/2024 |
| Agent | PENDING POLICY REQUEST | 3/13/2024 |
| Insured | NOTICE OF ACCEPTANCE AND ASSIGNMENT | 3/13/2024 |
| GA | PENDING POLICY REQUEST | 3/13/2024 |
| Company | NOTICE OF FINANCED PREMIUM | 3/13/2024 |
| GA | NOTICE OF FINANCED PREMIUM | 3/13/2024 |

## Payment Schedule

| Amount | Due Date | Pay Date |
|---|---|---|
| $805.44 | 4/10/2024 | |
| $805.44 | 5/10/2024 | |
| $805.44 | 6/10/2024 | |
| $805.44 | 7/10/2024 | |
| $805.44 | 8/10/2024 | |
| $805.44 | 9/10/2024 | |
| $805.44 | 10/10/2024 | |
| $805.44 | 11/10/2024 | |
| $805.44 | 12/10/2024 | |
| $805.44 | 1/10/2025 | |
| $805.44 | 2/10/2025 | |