UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 24-11602-EPK |
| JONATHAN CHADWICK INGRAM, | Chapter 11 |
| Debtor. _____/ | |
| SHEILA HUGHES, as administrator of the Estate of Carlton H. Woolard, | Adv. Pro. No. _____ |
| Plaintiff | |
| v. | |
| JONATHAN CHADWICK INGRAM, | |
| Defendant. _____/ | |

**COMPLAINT**

Sheila Hughes, as administrator of the estate of Carlton H. Woolard ("Hughes" and the "Plaintiff"), by and through undersigned counsel, sues Jonathan Chadwick Ingram (the Debtor and the "Defendant") and alleges:

**Jurisdiction and Venue**

1. This adversary proceeding arises out of and relates to the chapter 11 case styled *In re Jonathan Chadwick Ingram*, Case No. 24-11602-EPK, on the docket of this Court.

2. The procedural and statutory predicate for this action is found in Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure as well as U.S.C. §§ 105 and 523.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4. This is a core matter pursuant to 28 U.S.C. § 157(b)(2) and the Plaintiff consents to the entry of final orders and judgment by this Court.

5. Venue is property before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Parties**

6. The Plaintiff is the administrator for the estate, and the biological daughter, of Carlton H. Woolard ("Carlton").

7. The Defendant is a debtor in bankruptcy, a resident of Palm Beach County, Florida, and the nephew of Carlton.

**General Allegations**

*Carlton H. Woolard*

8. Carlton was married to Shelma Woolard ("Shelma") for 51 years.

9. Carlton and Shelma worked their lives to build a retirement fund, acquiring considerable assets including their home in North Carolina, money, and other personal property estimated to be worth more than $1,500.000.00 (the "Assets").

10. Carlton suffered from severe dementia. Carlton was incapable and lacked the mental capacity to take care of himself or manage his property or financial affairs and was cared for by Shelma.

11. Shelma passed away on June 13, 2018, at the age of 81.

12. Carlton was 86 years old when Shelma passed away and he became the sole owner of the Assets.

*The Elder Abuse of Carlton H. Woolard by the Debtor*

13. The Debtor and his mother Jacqueline Ingram (Carlton's sister-in-law) ("Jacqueline" and together with the Debtor, the "Ingrams") with the knowledge of Carlton's advanced age and poor health, and at a time when Carlton suffered from physical and cognitive impairments, worked in concert to obtain and control the Assets, when they both knew, or should

have known, that Carlton suffered from a neurocognitive disorder, including degenerative dementia, and took advantage of Carlton's condition to take, obtain, and convert (if not steal) the Assets with the intent to permanently deprive him thereof, amounting to financial elder abuse.

14. Specifically, between June and August 2018, the Debtor arranged for Carlton to (a) execute powers of attorney appointing the Debtor as Carlton's agent (the "POAs"), (a) create a trust appointing the Debtor as the Trustee (the "Trust"), and (c) execute a Last Will and Testament (the "Will"), which named the Debtor as the sole beneficiary under the Will.

15. By the end of August 2018, the Ingrams used their powers under the POAs and the Trust to transfer a substantial amount of the Assets (including Carlton's home and more than $1,200,000 in cash) to themselves and limited liabilities they controlled.

16. All the Debtor's actions were taken at a time during which Carlton was easily confused and manipulated and suffering from degenerative dementia.

17. The Debtor was aware of Carlton's condition, which condition was confirmed by at least two independent sources including a neuropsychological assessment conducted by Hampton Roads Neuropsychology and a report issued by Colleen Dickerson as guardian ad litem appointed in an action filed by the Debtor in the Circuit Court for the City of Virginia Beach, Virginia to appoint the Debtor as guardian and conservator.

18. Based on the foregoing, the Plaintiff asserts that the Debtor committed financial elder abuse on Carlton, and by fraud, larceny, embezzlement, conversion, breach of fiduciary duty and unjust enrichment transferred financial assets, stocks, and personal property owned by Carlton, to himself, his mother Jacqueline, and limited liability companies, and accounts controlled by them. The Ingrams used the Assets to pay personal and business debts, to fund a lavish lifestyle,

to purchase real properties in Florida and Virginia for personal use, and to purchase and sell real properties for profit using funds wrongfully converted from Carlton.

*The Estate of Carlton H. Woolard*

19. Carlton passed away on March 12, 2021, at the age of 89.

20. On May 10, 2021, the Debtor probated the Will, and qualified as executor.

21. On August 6, 2021, Hughes filed her Complaint to Impeach the Will, which Will was set aside by Order of the Virginia Beach Circuit Court on January 12, 2024.

*22.* On February 12, 2024, Hughes duly qualified in the Clerk's Office of the Circuit Court for the City of Virginia Beach as the Administrator of the Estate of Carlton H. Woolard.

*The Bankruptcy*

23. The Debtor's house of cards ultimately crashed.

24. On February 20, 2024, the Debtor filed for relief under chapter 11 of the U.S. Bankruptcy Code.

*The Debt*

25. The value of the Assets wrongfully converted by the Debtor is significant.

26. The Plaintiff filed a proof of claim for $3,493,922.15 (the "Debt").[1]

**Specific Allegations**

**Count I**
**Nondischargeable Debt**
**11 U.S.C. 523(a)(2)(A)**

27. The Plaintiff reasserts the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28. Carlton and Shelma owned the Assets.

---

[1] The Plaintiff's proof of claim bears Claim No. 19.

29. At the time of Shelma's death, the Debtor was not a beneficiary of any will created by Shelma, the Debtor was not named as representative or agent of Shelma or her estate, the Debtor was not an heir of Shelma, and the Debtor was not entitled to any of the Assets.

30. When Shelma passed away Carlton became the sole owner of the Assets.

31. The Debtor took advantage of Carlton's age and weakened mental state to have Carlton sign the POAs, the Trust, and the Will through false pretenses, false representations, and actual fraud.

32. The Debtor then abused his fiduciary position as Carlton's attorney in fact, trustee, and beneficiary and through fraud, larceny, and/or embezzlement transferred and the Assets to himself, Jacqueline, and limited liability companies.

WHEREFORE the Plaintiff requests that the Court (a) enter a judgment against the Debtor in the amount of the Debt, (b) determine and declare that the Debt is nondischargeable, and (c) grant such other relief as this Court deems appropriate under the circumstances.

## Count II
## Nondischargeable Debt
## 11 U.S.C. 523 (a)(4)

33. The Plaintiff reasserts the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

34. Carlton and Shelma owned the Assets.

35. At the time of Shelma's death, the Debtor was not a beneficiary of any will created by Shelma, the Debtor was not named as representative or agent of Shelma or her estate, the Debtor was not an heir of Shelma, and the Debtor was not entitled to any of the Assets.

36. When Shelma passed away Carlton became the sole owner of the Assets.

37.     The Debtor took advantage of Carlton's age and weakened mental state to have Carlton sign the POAs, the Trust, and the Will through false pretenses, false representations, and actual fraud.

38.     The Debtor then abused his fiduciary position as Carlton's attorney in fact, trustee, and beneficiary and through fraud, larceny and/or embezzlement transferred the Assets to himself, Jacqueline, and limited liability companies.

WHEREFORE the Plaintiff requests that the Court (a) enter a judgment against the Debtor in the amount of the Debt, (b) determine and declare that the Debt is nondischargeable, and (c) grant such other relief as this Court deems appropriate under the circumstances.

Dated:  June 19, 2024

                                        MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
*Counsel to Plaintiff*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, Florida 33301
T: 954.767.0030
F: 954.767.0035
E: rhartog@mrthlaw.com

By: /s/ Ross R. Hartog                              .
     Ross R. Hartog
     Florida Bar No. 272360